## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. SEWELL, )<br>)<br>　　　　Plaintiff, )<br>) Civil Action No. 06CV1534 (ESH)<br>)<br>　　v. )<br>)<br>ELAINE L. CHAO )<br>Secretary, Dept. of Labor )<br>)<br>　　　　Defendant. )<br>_____) | |

## ANSWER TO COMPLAINT

Defendant Elaine Chao, Secretary of Labor ("Defendant"), through counsel, hereby answer each of the specific averments in Plaintiff's Complaint in like-captioned and like-numbered paragraphs, as follows:

### Introduction

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of her case, and conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

### Jurisdiction and Venue

2. The allegations of this paragraph constitute plaintiff's legal basis for her complaint and as such does not require an answer. To the extent that an answer may be required the defendant denies the allegations of this paragraph.

3. This paragraph contains a legal conclusion and does not require a response. To the extent that an answer may be required, the defendant denies the allegation in this paragraph because plaintiff has not demonstrated that all administrative remedies have been exhausted.

### Parties

4. With respect to the first sentence in this paragraph, the defendant admits that Audrey Sewell is an Adult African American female.  The defendant admits that Ms. Sewell is a United States citizen.  The defendant does not have sufficient information or belief to admit nor deny that Ms. Sewell is currently a "Bona Fide" resident of the District of Columbia.  The defendant admits the second sentence in this paragraph.  The defendant admits the third sentence in this paragraph.

5. Admit.

### Facts Common to All Counts

6. Defendant admits the first, second, and third sentences.  Defendant admits that Ms. Sewell had the duties listed in the fourth sentence of this paragraph.  In addition to these duties, Ms. Sewell's July 14, 1999, position description shows that Ms. Sewell's duties also included, but were not limited to, the following: monitoring the GSA RENT program by reviewing monthly rent bills; contacting GSA rental agent to correct mistakes, working with the budget staff to ensure that records are accurately recorded; reviewing deposits of all civil monetary penalties and ensuring that they are properly recorded; preparing the Electronic Funds Transfer Report and Prompt Pay Report; performing routine budget analysis functions and special projects anywhere within the Employment Standards Administration.  The work may be performed in any segment of

the normal range of budget administration work performed by Division of Financial Management, including budget formulation, presentation, and implementation; assisting in the preparation of budget estimates, justifications, and interpreting Office of Management and Budget directives and circulars; providing information and advice to program managers; reviewing bureau and office budget submissions for reasonableness, accuracy and conformance with procedures and guidelines; budget monitoring and recommending reprogramming of funds as needed; providing aid and assistance to accountants by performing non-professional accounting duties.  Under the supervision of a fully qualified accountant, duties included analyzing a simple account or transaction, helping to implement fiscal year-end closing procedures for specific fund or funds, participating in the design or modification of automated accounting systems; providing advice and guidance regarding nonprofessional accounting and budget issues to organizations serviced; assisting accountants in aiding management in applying financial data and recommending alternatives to resolve problems; helping accountants to adjust differences between the general ledger and subsidiary accounts; and analyzing the financial and statistical data from business forms.

    7.    Deny.

    8.    Admit.

    9.    Admit.

    10.    The defendant admits the first sentence in this paragraph.  The defendant denies the second, third, fourth, and fifth sentences in this paragraph.  The defendant admits the sixth sentence in this paragraph. The seventh sentence relates a conversation

that is solely within the knowledge of the plaintiff. The defendant does not have sufficient information or belief to admit or deny the seventh sentence.

    11.    Admit.

    12.    Admit.

    13.    Deny.

    14.    Defendant denies the first sentence in this paragraph. Defendant admits the second sentence in this paragraph. Defendant admits the third sentence in this paragraph.

    15.    Defendant admits the first, second third, fourth, and fifth sentences in this paragraph. Defendant denies the sixth sentence in this paragraph because it assumes that all of her duties were solely related to or in support of the accounting branch. Ms. Sewell's position description clearly includes monitoring the GSA rent program as well as routine budget analysis and other budget administration work.

    16.    With respect to the first sentence, the defendant Aadmits that in the budget branch Ms. Sewell's duties included analyzing and reporting on the Agency's detail fund report and space rent report. The defendant denies any implication that these were her sole duties. The defendant admits the remaining sentences in this paragraph.

    17.    Defendant admits the first, second, and fourth sentence in this paragraph. The defendant denies the third sentence in this paragraph.

    18.    Defendant denies the first and second sentence in this paragraph. With respect to the third sentence, the defendant admits that the training session was moved to June 15, 2005 so that Ms. Bassett could be cross-trained in this function to ensure that this task could be performed in the event that Ms. Sewell was unavailable to do so.

Defendant admits the fourth sentence in this paragraph. Defendant admits the fifth sentence in this paragraph. Defendant denies the sixth sentence in this paragraph.

19. Defendant admits the first sentence in this paragraph. Defendant admits the second sentence in this paragraph. Defendant denies the third sentence in this paragraph. Defendant denies the fourth sentence in this paragraph. The fifth sentence in this paragraph relates to personal or mental impressions of the plaintiff that the defendant does not have sufficient information or belief to admit or deny.

20. Deny.

21. Defendant admits the first and second sentence in this paragraph. Since Plaintiff is relating something she allegedly witnessed, the defendant does not have sufficient information or belief to admit or deny the third sentence in this paragraph. Defendant admits the fourth and fifth sentence in this paragraph. Plaintiff is relating something that she allegedly witnessed, the defendant does not have sufficient information or belief to admit or deny the sixth sentence in this paragraph.

22. Defendant admits the first and third sentences. With respect to the second sentence, the defendant admits that the e-mail instructed Ms. Sewell to complete the May report by June 15, 2005. The defendant denies the portion of the second sentence that alleges that Ms. Dunn was aware that the training was not completed. The defendant does not have sufficient information or belief to admit or deny the last sentence of this paragraph.

23. Defendant admits that Ms. Sewell requested an additional training session because she failed to make arrangements with Mr. Sanabria during the previous month for that same training. The defendant admits that the session was rescheduled for June

15, 2005 because Ms. Bassett was unavailable on June 13, 2005.  The defendant denies the allegation that Ms. Sewell <u>would</u> have suffered adverse employment action.  Ms. Sewell was informed in the e-mail that failure to comply <u>could</u> result in adverse action.

24.	Plaintiff is alleging personal impressions or events that are solely within her knowledge and the defendant does not have sufficient information or belief to admit or deny this paragraph.

25.	The defendant does not have sufficient information or belief to admit or deny this paragraph.

26.	The defendant does not have sufficient information or belief to admit or deny the first, third, or fifth sentence of this paragraph.  With respect to the second sentence, the defendant admits that Ms. Sewell placed a doctor's note and leave request in an <u>unsealed</u> envelope and gave it to a colleague to give to Ms. Dunn.  The defendant admits the allegation in the fourth sentence of this paragraph.

27.	Defendant denies the allegation in the first sentence of this paragraph because Ms. Dunn did not disclose any medical information to Ms. Keller.  The defendant denies the allegation in the second sentence of this paragraph.

28.	Admit.

## FIRST CAUSE OF ACTION

### Violation of the ADEA - Disparate Treatment

29.	The allegations in this paragraph make reference to other paragraphs of plaintiff's complaint and as such have been answered by the defendant as indicated above.  To the extent that an answer may be required, the defendant denies the allegations in this paragraph.

30. The allegations contained in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

31. The allegations contained in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

32. The allegations contained in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### Prayer for Relief

Sub-paragraphs (a), (b), (c), and (d), constitute plaintiff's prayer for relief with respect to her first cause of action, and as such require no response. To the extent a response is required, defendant denies that plaintiff is entitled to any relief whatsoever from defendant. Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. §1981a. Defendant specifically deny all allegations of the Complaint not expressly admitted in this Answer.

### SECOND CAUSE OF ACTION

### Violation of the ADEA - Hostile Work Enviroment

34. The allegations in this paragraph make reference to other paragraphs of plaintiff's complaint and as such have been answered by the defendant as indicated

above. To the extent that an answer may be required the defendant, denies the allegations in this paragraph.

35. The allegations contained in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations contained in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Prayer for Relief

Sub-paragraphs (a), (b), (c), and (d), constitute plaintiff's prayer for relief with respect to her second cause of action, and as such require no response. To the extent a response is required, defendant denies that plaintiff is entitled to any relief whatsoever from defendant. Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. §1981a. Defendant specifically deny all allegations of the Complaint not expressly admitted in this Answer.

## THIRD CAUSE OF ACTION

### Violation of the ADEA - Retaliation

38. The allegations in this paragraph make reference to other paragraphs of plaintiff's complaint and as such have been answered by the defendant as indicated

above. To the extent that an answer may be required the defendant, denies the allegations in this paragraph.

39. The allegations contained in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations contained in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations contained in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations contained in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Prayer for Relief

Sub-paragraphs (a), (b), (c), and (d), constitute plaintiff's prayer for relief with respect to her second cause of action, and as such require no response. To the extent a response is required, defendant denies that plaintiff is entitled to any relief whatsoever from defendant. Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. §1981a. Defendant specifically deny all allegations of the Complaint not expressly admitted in this Answer.

## FOURTH CAUSE OF ACTION

### Violation of the ADEA - Constructive Termination

43. The allegations in this paragraph make reference to other paragraphs of plaintiff's complaint and as such have been answered by the defendant as indicated above. To the extent that an answer may be required the defendant, denies the allegations in this paragraph.

44. The allegations contained in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

45. The allegations contained in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

46. The allegations contained in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations contained in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### Prayer for Relief

Sub-paragraphs (a), (b), (c), and (d), constitute plaintiff's prayer for relief with respect to her second cause of action, and as such require no response. To the extent a response is required, defendant denies that plaintiff is entitled to any relief whatsoever from defendant. Defendant avers that any compensatory damages award would be

subject to and limited by 42 U.S.C. §1981a.  Defendant specifically deny all allegations of the Complaint not expressly admitted in this Answer.

## FIFTH CAUSE OF ACTION

### Violation of the Privacy Act of 1974

48.    The allegations in this paragraph make reference to other paragraphs of plaintiff's complaint and as such have been answered by the defendant as indicated above.   To the extent that an answer may be required the defendant, denies the allegations in this paragraph.

49.    The allegations contained in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

50.    The allegations contained in Paragraph 50 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

51.    The allegations contained in Paragraph 51 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### Prayer for Relief

Sub-paragraphs (a), (b), (c), and (d), constitute plaintiff's prayer for relief with respect to her second cause of action, and as such require no response.  To the extent a response is required, defendant denies that plaintiff is entitled to any relief whatsoever from defendant.  Defendant avers that any compensatory damages award would be

subject to and limited by 42 U.S.C. §1981a. Defendant specifically denies all allegations of the Complaint not expressly admitted in this Answer.

### Jury Demand

The final paragraph in Plaintiff's Complaint is a request for a jury trial, which requires no response.

### First Defense

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### Second Defense

To the extent plaintiff seeks to raise in this action any allegations or claims not raised, or untimely raised in the administrative process, such allegations and claims are precluded for failure to exhaust administrative remedies.

### Third Defense

Defendant denies that they engaged in any discriminatory conduct whatsoever.

### Fourth Defense

Plaintiff has failed to mitigate her damages.

WHEREFORE, having fully answered, defendant respectfully requests that this Court deny plaintiff all relief requested, dismiss this action with prejudice, grant defendant attorney's fees and costs, and award defendant all such other and further relief as may be appropriate.

Respectfully Submitted,

_____/S/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

                                                      _____/S/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/S/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4112
Washington, D.C.  20530
(202) 307-0338