UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. SEWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-1534 (ESH) |
| ELAINE L. CHAO,<br>Secretary of Labor, | ) ) ) ) |
| Defendant. | ) ) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to LCvR 16.3, counsel for the parties conferred by telephone on December 19, 2006. Based on this conference, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case

Plaintiff's claims are brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Privacy Act of 1974, 5 U.S.C. § 552(a), to remedy acts of discrimination in employment practices by the United States Department of Labor against plaintiff because of her age. Plaintiff's claims include those alleging disparate treatment, a hostile work environment, retaliation for prior EEO activity, and constructive termination, as well as violation of the Privacy Act.

Defendant's Statement of the Case

Defendant denies the allegations that plaintiff was subjected to any form of discrimination, including age. Defendant denies that the alleged incidents of discrimination and retaliation actually occurred. Defendant further asserts that all actions taken, to the extent

that they occurred at all, were done for legitimate, nondiscriminatory reasons.

As regards the topics set out in Local Rule 16, the parties state as follows:

1.	<u>Status of Dispositive Motions</u>:  There are no pending motions.  Defendant believes that this action may be resolved by dispositive motion following discovery.  Plaintiff believes that the case will not be resolved on dispositive motion.

2.	<u>Amended Pleadings</u>:  The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.	<u>Assignment to Magistrate Judge</u>: The parties have not consented to the assignment of this case to a Magistrate Judge at this time.

4.	<u>Settlement Possibility</u>:  The parties do not foreclose the possibility of settlement in this case and are amenable to settlement discussions.

5.	<u>Alternative Dispute Procedures</u>:  The parties agree that Alternative Dispute Resolution may be beneficial.  Plaintiff submits that this matter should be referred to ADR upon the close of discovery.

6.	<u>Dispositive Motions</u>:  The parties agree that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 60 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7.	<u>Initial Disclosures</u>: Plaintiff takes the position that the Initial Disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be exchanged within 45 days after the Court issues the Initial Scheduling Order.

8.	<u>Discovery</u>:  The parties submit that discovery should begin on January 16, 2007, and end on June 18, 2007.  The parties agree to limit the number of depositions to 10 per side and

interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a). Each deposition will not exceed seven (7) hours in length of time absent a stipulation or Court Order providing otherwise. Due to sensitive personal and/or medical information that may be exchanged, the parties may seek a protective order.

9.  Experts: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. The parties also agree that should Plaintiff decide to call any expert witnesses, that she provide her expert disclosure report by February 19, 2007. Defendant shall file her report by March 19, 2007.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: Not appropriate for this case.

12. Proposed Date For The Pretrial Conference: Both parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

13. Trial Date: The parties are amenable to having a firm trial date set at the pre-trial conference.

14. Other Matters: There are no related cases pending before this Court. Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ with permission by KLM | /s/ |
| Lisa Alexis Jones, Esq. | Jeffrey A. Taylor |
| Unified Bar No. 421002 | D.C. Bar No. 498610 |
| 1200 G. Street, N.W. | UNITED STATES ATTORNEY |
| Suite 800 | |
| Washington, D.C. 20005 | |
| Tel. (202) 434-4507 | /s/ |
| Fax (202) 434-8707 | Rudolph Contreras |
| | D.C. Bar No. 434122 |
| Attorney for Plaintiff | Assistant United States Attorney |
| | |
| | /s/ |
| | Karen L. Melnik |
| | D.C. Bar No. 466452 |
| | Assistant United States Attorney |
| | 555 Fourth Street, N.W., E-4112 |
| | Washington, D.C. 20530 |
| | Tel. (202) 307-0338 |
| | Fax (202) 514-8780 |
| | |
| | Attorneys for Defendant |