IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. SEWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ELAINE L. CHAO )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:06CV01534 (ESH) |

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**

The Parties, through their undersigned counsel, hereby agree and stipulate that the following Protective Order of Confidentiality shall control the use and disposition of documents and information provided to defendant by plaintiff concerning the contents of plaintiff's medical records and documents and information provided by defendant concerning the records of defendant's non-party employees (hereinafter collectively referred to as "Confidential Materials").

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the following Protective Order pertaining to confidential information shall govern discovery in the above-captioned matter, as follows:

1. For purposes of this Stipulated Protective Order of Confidentiality:

a. The term "person" shall mean any natural person, corporation, proprietorship, group, association, organization, business entity, governmental body or agency. The use of the singular form of any word herein includes the plural and vice versa.

b. The term "receiving person" shall mean any party to whom information, whether oral or in documentary or other tangible form, is disclosed in this litigation in accordance with any

method permitted by the Federal Rules of Civil Procedure.

    c.    The term "document" shall mean the original and any copy of any written or recorded material, in whole or in part, including without limitation, computer-stored and computer retrievable information.

    2.    All designated Confidential Materials produced or disclosed by plaintiff or otherwise received by defendant pursuant to plaintiff's authorization under HIPAA and Confidential records produced or disclosed by defendant shall be used by the receiving person only for the purpose of preparing for and conducting this litigation. The parties may disclose such confidential information only to the following persons:

    a.    Counsel of record who are actively engaged in the conduct of this litigation, and the partners, associates, support personnel and other third-party clerical/photocopying contractors working under their supervision, to the extent reasonably necessary to render professional services in the litigation to the parties in this action;

    b.    Experts retained for consultation or for testimony in this litigation and any necessary assistants and personnel under their direct supervision and employed by them or their employer or organization;

    c.    Authors and original and copy addresses of such Confidential Materials;

    d.    Court officials involved in this litigation (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master appointed by the Court), provided that any Confidential Materials submitted to or filed with the Court shall not be filed until the parties have engaged in good faith discussions regarding the protocol for protecting the confidentiality of any such Confidential Materials; and

    e.    Witnesses or potential witnesses in preparation for or at depositions and/or trial, to

the extent such Confidential Materials concerns a subject about which the witness will testify or may reasonably expect to testify.

3. Each person referenced in the previous paragraph who, in the course of this litigation, is given access to material designated as confidential, shall, prior to the time he or she receives such information in any form whatsoever, be provided with a copy of this Stipulated Protective Order and certify that he or she has carefully read the Order and fully understands its terms and will be bound by its terms.

4. When Confidential Material is produced or otherwise received, each such document, or each folder containing multiple documents, shall be stamped or marked "Confidential Under Protective Order" or "Confidential." Testimony given at a deposition upon oral examination or a hearing or portions thereof, may be designated as confidential by an appropriate statement on the record at the time such testimony is offered or upon subsequent review and notification to counsel within ten (10) business days of receipt by plaintiff of the transcript of such testimony.

5. The provision of this Protective Order may be modified as to specified documents or other information by written agreement between counsel for the parties. If counsel cannot agree as to the disposition of such a request, any of them may apply to the Court for a ruling thereon.

6. If the receiving person objects to the classification of any materials as "Confidential" at any time during the pendency of this case, the receiving person shall give written notice of the objection to plaintiff within ten (10) business days after receipt of the materials. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences. If they are unable to resolve their differences, the receiving person may apply to this Court for appropriate relief. The producing person shall have the burden of making such a showing in support of its position that objected to materials are Confidential in nature. During the time the Court considers

any such request, the materials will continue to be treated as "Confidential" in accordance with this Order.

7. The Protective Order is protective in nature only and shall not deprive any party of its rights to object to discovery by any other party of materials as to which objection to disclosure is made.

8. This Protective Order shall not apply to a public trial of this action, although this Protective Order is without prejudice to any party's right to move the Court for appropriate trial procedures with respect to claims of confidentiality and admissibility based on relevance.

9. If any party intends to file any motion, opposition, reply or other filing prior to trial and attach thereto or set forth the relevant portion of records that have been designated as subject to this Order pursuant to paragraph four, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal."

10. Within thirty (30) days after termination of this action, including all appeals, the receiving person shall destroy or, if requested, return to the producing counsel all documents designated as confidential.

11. This Protective Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

## **STIPULATION**

The parties to this action, by and through their respective counsel, hereby stipulate to the Protective Order of Confidentiality and Order set forth above.

Dated:                       /s/ LISA ALEXIS JONES
                              Lisa Alexis Jones (D.C. Bar #421002)
                              1200 G Street, N.W.
                              Suite 800
                              Washington, D.C. 20005
                              Telephone: (202) 434-4507
                              Facsimile: (202) 434-8707

                              *Counsel for Plaintiff*
                              *AUDREY SEWELL*

Dated:                       /s/ JEFFREY A. TAYLOR
                              Karen L. Melnik, D.C. Bar #436452
                              Assistant United State Attorney
                              555 4th Street, N.W. Rm. E4112
                              Washington, D.C. 20530
                              (2020 307-0338
                              *Counsel for Defendant*

## **ORDER**

For good cause shown, the Terms of Stipulation and Order set forth above are hereby adopted as an order of the Court.

DATED: _____

                              Judge Ellen S. Huvelle
                              United States District Court for the District of Columbia