# EXHIBIT 24

# LISA ALEXIS JONES, PLLC

ATTORNEY AT LAW

1200 G STREET, N.W.

SUITE 800

WASHINGTON, D.C. 20005

Admitted
District of Columbia
New York

(202) 434-4507

FAX (202) 434-8707

Email: arhizw@erols.com

August 18, 2005

**VIA FACSIMILE AND HAND-DELIVERY**

M. Cynthia Douglass
Chair, Administrative Review Board
U.S. Department of Labor, Room S-4309
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Re:    Sewell v. Department of Labor
       CRC Case No. 05-11-100
       ARB No. 05-135

Dear Ms. Douglass:

As you know from the Letters of Representation sent to your office on August 3, 2005, and to Naomi Barry-Perez on June 16, 2005, this office has been retained to represent Audrey Sewell in her dispute with the Department of Labor. This letter will serve as a response to your letter to Ms. Sewell, dated August 5, 2005.

On behalf of Ms. Sewell, I submit that my client's formal complaint of discrimination adequately states a claim for unlawful employment discrimination in violation of Title VII and the Age Discrimination in Employment Act. By her complaint, Ms. Sewell has alleged that she was the victim of unlawful retaliation and an intimidating and abusive environment when, without cause or justification, her supervisor, Anne Baird-Bridges, in a threatening and intimidating manner yelled and screamed at Ms. Sewell while sticking her hands and fingers within inches of Ms. Sewell's face. As Ms. Sewell stated in her complaint, Ms. Baird-Bridges' behavior "scared [her] to death," and she felt "humiliated," "degraded," "intimidated" and in fear of her physical safety. Indeed, such fear was not unreasonable in light of a physical assault Ms. Baird-Bridges had recently committed upon another employee in Ms. Baird-Bridges' department.

A3-193

Letter to M. Cynthia Douglass
August 17, 2005
Page 2

Further, Ms. Sewell stated by her complaint that her colleagues in the office witnessed the abuse and that a younger, similarly situated employee, who had apparently engaged in the same procedure for which Ms. Baird-Bridges sought to reprimand Ms. Sewell, was not spoken to in the same degrading and intimidating manner.

As Ms. Sewell also alluded to in her complaint, the events of April 8, 2005, were the culmination of discrete harassing conduct by Ms. Baird-Bridges in retaliation for the lodging by Ms. Sewell of complaints of discrimination against Ms. Baird-Bridges and her deputy, Pat Vastano, under the union grievance procedures in December, 2004. Since the allegations raised by Ms. Sewell against Ms. Baird-Bridges, Baird-Bridges has continued a pattern hostility and abuse toward Ms. Sewell, including, but not limited to, unjustly transferring her on or about April 18, 2005 and holding her responsible for work assignments which Ms. Baird-Bridges knew Ms. Sewell had not been trained to perform nor providing her with the necessary training to successfully perform the work. These events take place subsequent to the filing of Ms. Sewell's grievance and are, therefore, not in any way the subject of Ms. Sewell's December 20, 2004, grievance against Ms. Baird-Bridges. Moreover, to the extent Ms. Sewell alleges that this subsequent harassing conduct was in retaliation for Ms. Sewell's complaints of discrimination, these events are wholly discrete matters arising to separate causes of actions from any issue currently pending or previously adjudicated under the union's grievance process.[1]

As a direct and proximate result of Ms. Baird-Bridges' unlawful conduct, Ms. Sewell has suffered serious physical and emotional distress and been diagnosed with an acute stress disorder for which she is currently undergoing treatment with her physician. As a further result of the stress-induced and hostile environment, Ms. Sewell has, since the filing of her original complaint, been forced into early retirement from the Department of Labor after thirty-three (33) years of service.

Cast in this light, your preliminary findings that Ms. Sewell has failed to state a claim are respectfully disputed. As you know, in order to make a prima facie case of hostile environment discrimination in the workplace, Ms. Sewell must establish that she was the subject of unwelcome comments or conduct based upon her age. Ms. Sewell must further establish that the conduct was sufficiently severe or pervasive to interfere with her work or altered the conditions of her employment, whether or not such conduct resulted in the loss of a tangible job benefit. Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Harris v. Forklift Svs., 510 U.S. 17 (1993).

---

[1] Not surprisingly, Ms. Baird-Bridges has utterly failed to respond or cooperate with the union's repeated request for a Step-I meeting. Ms. Sewell has been similarly frustrated with her efforts to proceed with a Step-II appeal since such appeal went to – Anne Baird-Bridges. In short, Ms. Sewell has received no relief whatsoever from the union's process because of Ms. Baird-Bridges' successful efforts to thwart and impede the exercise of Ms. Sewell's federally and contractually protected rights.

AB-2 of 3

Letter to M. Cynthia Douglass
August 17, 2005
Page 3

Moreover, evidence of just one threat of a physical assault is proof of the creation of a sufficiently severe hostile environment. Id.; Clark County School District v. Breeden, 121 S.Ct. 1508 (2001).

Here, contrary to your premature findings that Ms. Sewell has failed to show how she was adversely affected in the terms and conditions of her employment, Ms. Sewell has provided ample basis to establish that the physically intimidating conduct by Ms. Baird-Bridges, in retaliation for Ms. Sewell's prior complaints of discrimination, caused her severe emotional distress that culminated in her constructive termination from her employment. It is, therefore, respectfully submitted that the Board lacks any basis to dismiss Ms. Sewell's complaint.

Thank you for your consideration.

Very truly yours,

Lisa Alexis Jones

cc:     Audrey Sewell

A3- 3 of 3