**U.S. Department of Labor**  Employment Standards Administration
Washington, D.C. 20210

Reply to the Attention of:

MAR 1 6 2005

| | |
|---|---|
| MEMORANDUM FOR: | LINDA A. COPENING<br>Local 12 - ESA/AVP |
| FROM: | *Anne Baird-Bridges*<br>ANNE BAIRD-BRIDGES<br>Director<br>Office of Management, Administration<br>and Planning |
| SUBJECT: | Step 2 Decision – Audrey Sewell |

This is the Agency's response to the Step 2 grievance you presented to me dated December 17, 2004, on behalf of Audrey Sewell, hereinafter referred to as the "grievant", regarding the "Letter of Reprimand" dated and issued to the grievant by Ms. Patricia Vastano, Deputy Director, OMAP, on December 17, 2004. The Step 1 grievance stated that the "grievant received a letter of reprimand on 12/17, dated 12/17". The Agency's grievance file reflects that the parties mutually agreed to waive Step 1. The union's remedy sought in this Step 2 matter is the "immediate rescission of reprimand and change in chain of command to eliminate contact with Ms. Vastano".

On March 9, 2005, I met with you and the grievant to discuss the issue(s) involved in the Step 2 grievance regarding the "Letter of Reprimand" issued to the grievant by Ms. Vastano. Ms. Vastano and Helen J. White, Agency Labor Relations Specialist, were also present.

This grievance involves the conduct of the grievant in her communications with Ms. Vastano which was cited in the letter of reprimand and illustrated by the e-mail correspondence attached to that letter. It does not relate to the final work product. The "additional information" that was provided as part of the written Step 2 grievance stated that, "the letter of reprimand is blatantly discriminatory and a part of a pattern of harassment toward grievant."

During the Step 2 meeting you and the grievant presented arguments to demonstrate why you thought the letter of reprimand was unfair and should be rescinded. In summary you argued that because the grievant has been an exemplary career employee with the Department of Labor without any problems with the performance of her work assignments and the misunderstanding about the assignments, the letter of reprimand is not warranted.

*Working for America's Workforce*

EXHIBIT
L

000122

3-1

I have considered your arguments. It is my determination that you and the grievant failed to demonstrate discrimination or harassment. Further, the e-mail messages initiated by the grievant, which were an attachment to the letter of reprimand, and which the grievant freely acknowledged she wrote and sent, clearly demonstrate unprofessional and unacceptable behavior particularly when communicating with a supervisor in the chain of command. While I acknowledge that there may have been confusion over the assignment, that did not give the grievant the right to engage in unprofessional conduct and behavior when conducting agency business. Such conduct will not be condoned in OMAP by any employee, regardless of the circumstances. All employees are expected to behave in a respectful manner toward their supervisors, co-workers and any other stakeholder with whom we come in contact during the workday.

I have concluded that the letter of reprimand issued to the grievant is justified and supportable. While I believe this misconduct to be serious, because this is the first time that a formal action has been taken, I am mitigating the period of the reprimand to two calendar years. With respect to the requested remedy to change the chain of command so that the grievant would not have contact with Ms. Vastano, I see no need to change the OMAP organizational structure to eliminate the grievant from having contact with the existing chain of command.

Accordingly, your grievance is denied. If you disagree with this decision, the union may, within 25 workdays, invoke arbitration by giving notice of such intent to OELMR as provided in Article 44 of the collective bargaining agreement, effective March 15, 1992.