UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. SEWELL, | ) |
|         Plaintiff, | ) |
|         v. | )    Civil Action No. 06-1534 (ESH) |
| ELAINE L. CHAO, Secretary Department of Labor, | ) |
|         Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF
PURPORTEDLY DISPUTED MATERIAL FACTS**

Defendant respectfully submits this reply to Plaintiff's "Statement of Material Facts in Dispute" ("Plaintiff's Response" or " Pl. Response").

**I. INTRODUCTION**

Plaintiff's Response fails to establish that there are any genuine issues of material fact for trial. To the contrary, Plaintiff admits or fails to dispute nearly all of Defendant's facts. She also fails to call into genuine question those few facts she does purport to challenge. As to these latter facts, Plaintiff purports to "deny" them largely by challenging facts other than those Defendant has asserted; by relying on unsupported allegations and speculation; and by ignoring her own binding testimony.

In addition to responding to Defendant's facts, Plaintiff has propounded seventy-three (73) additional purported material facts in dispute. Each of Plaintiff's numbered "facts" contain multiple assertions, all of which are either immaterial or undisputed. To the extent they are disputed, they are likewise immaterial or not supported by competent evidence. The Defendant

will address the portion(s) of Plaintiff's "facts" as necessary.

## II.  ARGUMENT

A.   **Legal Standard**

Local Rule 7(h) requires that an opposition to a motion for summary judgment be accompanied by "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." The opposing statement of genuine issues must respond directly to the factual statements asserted in the motion for summary judgment. As stated in the rule:

> In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is disputed in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h) (emphases added).  See also LCvR 56.1.

B.   **Plaintiff Has Conceded Nearly Every Fact Asserted in Defendant's Statement**

Plaintiff's Response explicitly admits Defendant's factual statements 1-16, 19-20, 23, 25-27, 29-32, 34-38, 42-46, 48-65, 67. In addition, although Plaintiff "denies" Defendant's factual statements 22, 24, 39, 41, 47, and 66, she fails to cite the record to demonstrate a dispute, much less a dispute of material fact. Thus, her denials are incompetent to raise a genuine issue of material fact. See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("a mere unsubstantiated allegation . . . creates no genuine issue of fact and will not withstand summary judgment." ) (citing Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993). Therefore, Plaintiff must be deemed to have conceded them too. See LCvR 7(h); see also Twist v. Meese, 854 F.2d 1421

(D.C. Cir. 1988); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C. Cir. 1996); Heasley v. D.C. General Hosp., 180 F. Supp. 158, 163 (D.D.C. 2002); Trawick v. Hantman, 151 F. Supp. 2d 54, 58-59 (D.D.C. 2001).

**C.     Plaintiff's "Denials" Create No Genuine Disputes**

Plaintiff purports to "deny" Defendant's factual statements 17, 21, 28, and 33; as to these factual statements, the record evidence cited fails to establish a genuine dispute. To the extent Plaintiff fails to contest any specific aspect of factual statements 17, 21, 28, and 33, she must be deemed to have conceded those statements. See LCvR 7(h) and cases cited in Part II.B., above.

Defendant will address each of Plaintif's responses in turn:

Defendant's Statement of Fact 17

Plaintiff purports to dispute that she did not approach Mr. Sanabria about training for the Space Rent Report during the weeks of March 21, March 28, and April 4, 2005. While the record evidence to which Plaintiff cites reflects that she and Mr. Sanabria spoke about the Space Rent Report, it does not reflect that she specifically approached him in order to be trained. Her own deposition testimony was as follows:

Q.     Once you let Mr. Sanabria know that, hey, I'm going to be the one who's going to be responsible for this report now, did you set up a time to meet with him that week?

A:     I'm not the type of person. I don't go around into the office - - people about hey, I'm going to take over your duties, let's set a time for me to do so. . . . I just mentioned to him. I said Vicente, have you been told that I am to start doing the Space Rent what you done, and he said no. I said oh. He said that's my duty, that's my job. I said oh, that's right. . . ."

3

<u>See</u> Def. MSJ, Exhibit 2 (Sewell Dep.) at 79:2-14.  Similarly, Plaintiff testified about another occasion as follows:

Q: And what date was that?

A: Well, I don't know what day it was.  It was just one day passing through the office.  He said have they said any more to you?  I said no, she hasn't.  I said has she said anything to you about training me?  He said no, nobody said nothing to him.  He said I don't understand what's going on.  He said that's my job. . . . I said well, I'll tell you what, just forget it.  I didn't want him upsetting himself.  I just said forget it.

<u>See</u> <u>id.</u> at 82:24 - 83:8.  Thus, Plaintiff's purported denial is directly contradicted by her own deposition testimony.  It is well settled that a plaintiff may not create a genuine issue of fact by contradicting her own deposition testimony.  <u>See</u>, e.g., <u>Franks v. Nimmo</u>, 796 F.2d 1230, 1237 (10th Cir. 1986) (plaintiff's affidavit disregarded in light of his contrary deposition testimony); <u>Van T. Junkins & Assoc. Inc. v. U.S. Industries, Inc.</u>, 736 F.2d 656, 657 (11th Cir. 1984) ("when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony").  Thus, Plaintiff is stuck with her deposition testimony admitting that she did not pursue training with Mr. Sanabria.

<u>Defendant's Statement of Fact 21</u>

The evidence to which Plaintiff cites to "deny" this factual statement contains nothing regarding her pay or grade after the reassignment.  Having failed to contest this part of the statement, Plaintiff must be deemed to have conceded it.  See LCvR 7(h) and cases cited in Part

II.B., above. With respect to Plaintiff's duties following the reassignment, she fails to cite evidence that the scope of her duties as described in her position description were changed. Instead, Plaintiff points to her affidavit which describes some of the new budget-related duties she was assigned. However, her position description specifically provides for many budget-related duties. See Exhibit 1 (Position Description).

Defendant's Statement of Fact 28

Plaintiff does not dispute the facts actually asserted, but instead "denies the facts . . . to the extent that it insinuates that plaintiff did not make an effort to seek training." To the extent Plaintiff fails to contest any specific aspect of factual statement 28, she must be deemed to have conceded it. See LCvR 7(h) and cases cited in Part II.B., above. In any event, Defendant admits that Plaintiff made some effort to meet with Mr. Sanabria as the June 15, 2005 deadline for the Space Rent approached. With respect to training Plaintiff to do the Space Rent Report, it is undisputed that Defendant did not create a training schedule. Rather, management expected Plaintiff to meet with Mr. Sanabria to learn how to do the report. See Exhibit 6 (Dunn Aff.) at ¶¶ 7-9. When this did not occur in a timely fashion, Ms. Dunn spoke to Mr. Jarl to facilitate it. See id. at 9.

Defendant's Statement of Fact 33

Plaintiff does not dispute the facts actually asserted, and cites the same evidence in the record as Defendant. Instead, she makes the allegation that she "was retiring because defendant refused to provide the training necessary for her to succeed at her job." As noted above, Defendant admits that it did not provide training per se. Rather, Defendant had the unremarkable expectation that Plaintiff would meet with her colleague, located in the same work space

5

approximately two rows from Plaintiff, in order to learn how to complete the Space Rent Report. See Exhibit 2 (Sewell Dep.) at 73:9 - 74:7; Exhibit 6 (Dunn Aff.) at ¶¶ 7-9.

**D.    Plaintiff's Additional "Material Facts in Dispute" Do Not Warrant Denial of Summary Judgment**

Plaintiff's Statement includes seventy-three (73) additional purported facts in dispute. Contrary to their billing, these purported facts are either duplicative of Defendant's Statement, irrelevant, immaterial, or otherwise fail to warrant denial of Defendant's Motion for Summary Judgment.

1. The following statements are **undisputed**, except where minor, non-material disputes are specifically noted.

Plaintiff's Statements of Fact: 68, 71, 72, 82-84, 86, 90, 91, 93-95, 99, 101, 104, 105, 108, 109, 110 (except to Plaintiff's characterization of the meeting being "expedited," see Ex. B at 98); 112-115, 117, 118, 119 (but see, Ex. J at ¶ 4: "I don't recall there being any issues regarding Vicente's availability to provide training to Audrey on how to do this task. Vicente met with Audrey several times to explain his process for putting together the space rent report."); 124, 125, 126, 127 (statement provides *some* of Plaintiff's reasons for voluntarily retiring); 128, 129, 130 (except as to Plaintiff's characterization of "suddenly"); 132, 133, 135, 136, 138-140.

2. The following statements are not supported by competent evidence.

Plaintiff's Statement of Fact 106: Plaintiff's basis of knowledge for this purported fact appears to be hearsay. Plaintiff cites to her EEO affidavit wherein she states the following: "I later learned that Ms. Bassett had all of the data for the reports. Ms. Anne Baird-Brides had all of Mr. Sanabria's work downloaded from his hard drive to Ms. Bassett's hard drive the weekend of April 16-17, 2005, unknown at that time to Mr. Sanabria . . ." See Exhibit 3 at ¶ 15. Presumably

Plaintiff learned this information from someone, thus, it is inadmissible hearsay. See Gleklen v. Democratic Cong. Campaign Comm., Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000) (holding hearsay evidence insufficient in sex discrimination case to avoid summary judgment: "Verdicts cannot rest on inadmissible evidence. Gleklen's evidence about the conversation is sheer hearsay; she would not be permitted to testify about the conversation at trial. . . . *It therefore counts for nothing*.") (emphasis added); Commercial Drapery Contractors, Inc. v. U.S., 133 F.3d 1, 6 (D.C. Cir. 1998) ("An affidavit like this, consisting entirely of inadmissible hearsay, is not sufficient to defeat summary judgment."); Lincoln v. Billington, 1998 WL 51716, 6 (D.D.C. 1998) (holding in age discrimination case that "hearsay twice-removed cannot satisfy the plaintiff's burden on summary judgment."). See also FED. R. CIV. P. 56(e) (requiring that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

In any event, even if Ms. Bassett received information regarding the Space Rent Report, Plaintiff is deemed to have conceded that the Division of Financial Management "needed to have back up, have others cross trained in case the person responsible for the task was not available to do it." See Defendant's Statement at ¶ 49; Plaintiff's Statement at ¶ 49.

Plaintiff's Statement of Fact 131: This purported "fact" consists of Plaintiff's speculation regarding an email she received, and whether it was written by Ms. Dunn or Ms. Vastano. Plaintiff's unalloyed speculation is incompetent to create a genuine issue of fact. See Rogers Corp. v. EPA, 275 F.3d 1096, 1103 (D.C. Cir. 2002) ("Although the finder of fact may draw inferences from the evidence, they must be reasonably probable, and based on more than

7

speculation."); McGill v. Munoz, 203 F.3d 843, 846 (D.C. Cir. 2000) (witness's "speculation that it 'could' take an hour-and-a-half is not evidence that it 'did' take anyone--other than plaintiff--that long"); Brown v. Brody, 199 F.3d 446, 459 (D.C. Cir. 1999) (plaintiff's mere "speculations and allegations" are "insufficient to create a genuine issue of fact") (internal quotation omitted).

Plaintiff's Statement of Fact 134: This purported "fact" is a rambling excerpt from Plaintiff's deposition, containing her characterization of numerous events and her conclusions therefrom.

Plaintiff's Statement of Fact 137: This purported "fact" consists entirely of hearsay or double-hearsay statements. Thus, the evidence is incompetent to support her assertions. See Gleklen v. Democratic Cong. Campaign Comm., Inc., 199 F.3d at 1369 (D.C. Cir. 2000)

    3.    The following statements are largely undisputed and are otherwise immaterial for the reasons stated.

Plaintiff's Statement of Fact 69: Plaintiff's allegation that Ms. Vastano spoke to her "in a condescending and belittling tone" is not evidence of illegal discrimination and, therefore, is immaterial. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (standards for finding a hostile work environment are sufficiently demanding to ensure that Title VII does not become a general civility code; conduct must be so extreme as to amount to a change in the terms and conditions of employment) (internal quotation marks and citation omitted).

Plaintiff's Statement of Fact 73: Although Plaintiff attempts to insinuate some malfeasance on behalf of Ms. Vastano regarding her performance appraisal for the rating period ending April 30, 2002, the evidence shows that Plaintiff's former supervisor, Gary Thayer, was the "rater" and that Ms. Vastano was simply the "reviewer." See Ex. 26. Moreover, Plaintiff received a "highly

effective" rating, which was consistent with her other performance appraisals. See id. Lastly, Plaintiff signed the appraisal and there is no evidence that she ever disputed the rating. See id.

Plaintiff's Statement of Fact 74: That Plaintiff's email contains unsubstantiated allegations regarding Ms. Vastano are undisputed, however, these allegations are insufficient to merit denial of Defendant's motion. See Brown v. Brody, 199 F.3d at 459 (plaintiff's mere "speculations and allegations" are "insufficient to create a genuine issue of fact") (internal quotation omitted).

Plaintiff's Statement of Fact 75: Even assuming arguendo that Ms. Vastano made comments to Plaintiff such as "don't you have your time in, why are you still here, why don't you just retire?" (see Ex. 2 at 57:12-13), they are insufficient to create a prima facie case of age discrimination. See Kalekiristos v. CTF Hotel Management Corp., 958 F. Supp. 641, 665 (D D.C. 1997) (evidence of discrimination "does not include stray remarks in the workplace, particularly those made by nondecision-makers or statements made by decision makers unrelated to the decisional process itself.") (citations and internal quotations omitted); Silver v. Leavitt, 2006 WL 626928 (D.D.C. March 13, 2006) (unreported) at *14 (While "longevity of employment is a factor that has a strong correlation with age, . . . mere correlation - - however strong - - is insufficient if the employer's decision was wholly motivated by factors unrelated to age.") (quotation and citations omitted).

Plaintiff's Statement of Fact 76: This fact is undisputed to the extent Mr. Thayer gave Plaintiff "good ratings," and that "up until that time there wasn't any cause of concern about Ms. Sewell's work performance . . ." See Ex. B at 27:4-12.

Plaintiff's Statement of Fact 78: Even assuming arguendo Ms. Vastano insulted Plaintiff, it is insufficient to establish a prima facie case of discrimination. See Faragher v. City of Boca

9

Raton, 524 U.S. at 788 (standards for finding a hostile work environment are sufficiently demanding to ensure that Title VII does not become a general civility code; conduct must be so extreme as to amount to a change in the terms and conditions of employment) (internal quotation marks and citation omitted).

Plaintiff's Statement of Fact 80: Defendant does not dispute that Plaintiff's email contains unsubstantiated allegations against Ms. Vastano, however, these allegations are insufficient to merit denial of Defendant's motion. See Brown v. Brody, 199 F.3d at 459 (plaintiff's mere "speculations and allegations" are "insufficient to create a genuine issue of fact") (internal quotation omitted).

Plaintiff's Statement of Fact 85: The citations provided by Plaintiff concern "workplace harassment" and not age discrimination or retaliation. Defendant does not dispute that Plaintiff did not appreciate the way Ms. Vastano treated her, however, the sum total of "evidence" regarding that treatment does not amount to intentional age discrimination or a hostile work environment.

Plaintiff's Statement of Fact 88: Defendant does not dispute the facts contained in this statement, however, they are immaterial to deciding Defendant's motion.

Plaintiff's Statement of Fact 92: Defendant does not dispute that Ms. Baird-Bridges directed Plaintiff to manually type every accounting entry, however, Plaintiff's unsubstantiated speculation regarding Ms Baird-Bridges's motivation is immaterial. See Brown v. Brody, 199 F.3d at 459 (plaintiff's mere "speculations and allegations" are "insufficient to create a genuine issue of fact") (internal quotation omitted).

Plaintiff's Statement of Fact 98: Plaintiff's *assumption* that management "would coordinate a

training schedule" is immaterial and, in any event, has no basis in fact. Once Plaintiff was reassigned to the Budget Branch effective May 1, 2005, she knew that it was her responsibility to meet with Mr. Sanabria in order to learn how to complete the Space Rent Report. See Ex. A (Sewell Aff.) at ¶ 12 ("Ms. Dunn told me at the May 4, 2005 meeting, to go to Mr. Sanabria, and tell him to stop whatever he was doing and to train me in the space rent reporting."); Ex. 6 (Dunn Aff.) at ¶ 8 ("Ms. Sewell kept making excuse after excuse as to why she had not met with Mr. Sanabria and learned how to do the rent report. I had spoken with her and sent her emails regarding this report.").

Plaintiff's Statement of Fact 100: Defendant does not dispute that as of April 4, 2005, Mr. Sanabria was not told about he "reassignment" because neither he nor Plaintiff learned of the reassignment until the April 18, 2005 meeting. Defendant also does not dispute that as of April 4, 2005, management had not informed Mr. Sanabria about training Plaintiff, however, this is immaterial to the issue of intentional age discrimination because, among other things, Plaintiff was not subject to a deadline to complete the report until after May 4, 2005. See Ex. 2 (Sewell Dep.) at 108:23 - 109:11; Ex. 6 (Dunn Aff.) at ¶¶ 7-8.

Plaintiff's Statement of Fact 103: The alleged altercation between Plaintiff and Ms. Baird-Bridges is immaterial to the issue of whether Defendant intentionally discriminated against Plaintiff on the basis of her age or retaliated against her because of prior protected activity. Moreover, while Defendant cannot dispute Plaintiff's personally held beliefs, they too, are irrelevant to the issues before this Court. Plaintiff's unalloyed speculation is incompetent to create a genuine issue of fact. See Rogers Corp. v. EPA, 275 F.3d at 1103 ("Although the finder of fact may draw inferences from the evidence, they must be reasonably probable, and based on

11

more than speculation.").

<u>Plaintiff's Statement of Fact 111</u>: <u>See</u> Defendant's response to Plaintiff's Statement of Fact 100.

<u>Plaintiff's Statement of Fact 120</u>: While Defendant does not dispute that Ms. Dunn assigned to Plaintiff the responsibility of producing a source table for inclusion in the Departmental budget, this task did not require that Plaintiff have "budget formulation" training. <u>See</u> Ex. 6 (Dunn Aff.) at ¶ 10. In any event, that Ms. Dunn assigned to Plaintiff a new, budget-related task is not evidence, circumstantial or otherwise, of intentional age discrimination.

<u>Plaintiff's Statement of Fact 121</u>: Defendant does not dispute the facts contained in this statement, however, they are immaterial to deciding Defendant's motion.

  4. <u>Defendant disputes portions of the following statements, however, these disputes are immaterial</u>.

<u>Plaintiff's Statement of Fact 70</u>: Although Defendant disputes the frequency of the comments allegedly made by Ms. Vastano, assuming <u>arguendo</u> the comments Plaintiff's cites were made, they are wholly irrelevant to establishing a <u>prima facie</u> case of age discrimination. <u>See</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. at 788 (standards for finding a hostile work environment are sufficiently demanding to ensure that Title VII does not become a general civility code; conduct must be so extreme as to amount to a change in the terms and conditions of employment) (internal quotation marks and citation omitted).

<u>Plaintiff's Statement of Fact 77</u>: Defendant disputes Plaintiff's characterization of the interaction between Ms. Baird-Bridges and Ms. Jenkins. <u>See</u> Ex. B (Baird-Bridges Dep.) at 36:16 - 38:15. Even assuming Plaintiff's characterization is true and she was an ear witness, Plaintiff's reaction to the alleged incident is irrelevant and immaterial to the issue of whether Defendant

intentionally discriminated against Plaintiff.

Plaintiff's Statement of Fact 79:  As edited from the December 17, 2004 letter of reprimand, this statement suggests that Ms. Vastano gave Plaintiff the letter because Plaintiff accused Ms. Vastano of "engaging in a pattern of harassment."  This characterization is inaccurate, and Plaintiff's exhibit E (Written Reprimand) fully explains Plaintiff's behavior which prompted Ms. Vastano to issue the letter.

Plaintiff's Statement of Fact 81:  As noted above in Statement of Fact 79, Plaintiff edits the letter of reprimand creating a distorted and incomplete portrayal of the reasons why Ms Vastano issued the letter of reprimand to Plaintiff.  See Plaintiff's Ex. E.  In any event, the letter pre-dates Plaintiff's reassignment to the Budget Branch and her assignment to complete the Space Rent Report.

Plaintiff's Statement of Fact 87:  The citations Plaintiff provides do not support her statement that she "reiterated her claims of discrimination by Vastano" at the March 9, 2005, second step-2 grievance hearing.

Plaintiff's Statement of Fact 89:  Plaintiff makes a factual allegation in each sentence of this statement.  As to the first sentence, the citations provided do not support the allegation that union representative Copening was present at the March 14, 2005 meeting.  As to the second sentence, Ms. Baird-Bridges did discuss Plaintiff's current duties in addition to assigning her two new ones.  See Ex. B (Baird-Bridges Dep.) at 94.  As to the third sentence, Defendant does not dispute that Plaintiff received new performance standards, however, they were not changed significantly.  See id. at 79:18 - 80:15.  As to the fourth sentence, Plaintiff fails to provide a citation to the record to support her allegation.

Plaintiff's Statement of Fact 96:  Plaintiff's conclusory allegation that Defendant "set her up for failure" does not create a material fact in dispute.  See Brown v. Brody, 199 F.3d at 459 (plaintiff's mere "speculations and allegations" are "insufficient to create a genuine issue of fact") (internal quotation omitted).  Moreover, her allegation is unsupported by the record.  See Ex. 5 (Baird-Bridges Aff.) at ¶ 8; Ex. 6 (Dunn Aff.) at ¶ 10, 12, 14.

Plaintiff's Statement of Fact 97:  Defendant only disputes Plaintiff's opinion that the Space Rent Report was "one of Sanabria's main job functions."  Plaintiff provides no citation to the record other than her own belief to support it.  Even if it was one of his main job functions, the fact that he was not informed that Plaintiff would be assuming that duty is not evidence of age discrimination or retaliation.

Plaintiff's Statement of Fact 102:  Defendant disputes Plaintiff's characterization of the interaction between herself and Ms. Baird-Bridges on April 8, 2005.  Nevertheless, even if Plaintiff's version is accurate, it is immaterial to the issues to be resolved in this case.  See Faragher v. City of Boca Raton, 524 U.S. at 788 (standards for finding a hostile work environment are sufficiently demanding to ensure that Title VII does not become a general civility code; conduct must be so extreme as to amount to a change in the terms and conditions of employment) (internal quotation marks and citation omitted).

Plaintiff's Statement of Fact 116:  Again, Plaintiff either fails to provide citations altogether, or the citations she does provides do not support the factual allegations contained in this statement.  The best evidence of Plaintiff's performance standards would have been the standards themselves, which Plaintiff does not provide, only her opinion of them.

Plaintiff's Statement of Fact 122:  Here again, Plaintiff fails to provide a citation in the record to

support the factual allegation in this statement.  Moreover, Plaintiff contradicts her statement that she did not receive direction in completing the budget table with Statement of Fact 121, wherein she states that she received a "four-inch thick briefing book" on the subject matter.

Plaintiff's Statement of Fact 123:  Defendant only disputes the last sentence of this statement.  See Ex. 6 (Dunn Aff.) at ¶ 9.  In any event, Defendant's expectation that Plaintiff should take the initiative in getting trained to complete the Space Rent Report, rather than scheduling formal training sessions, is not an adverse employment action and, thus, is immaterial.

### III.  CONCLUSION

Based upon the foregoing, Defendant respectfully submits that Plaintiff has failed to raise a genuine issue as to any of Defendant's material facts.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338